**LONG XUE LIN, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–76994.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Dec. 28, 2007.

David X. Feng, Esq., The Feng Law Firm, PC, New York, NY, for Petitioner.

AKA–District Counsel, Immigration & Naturalization Service, Office of the District Counsel, Anchorage, AK, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, P. Michael Truman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Long Xue Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's April 16, 2004, order dismissing Lin's direct appeal from the Immigration Judge's decision because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

We lack jurisdiction over Lin's claim that the deadline for filing a motion to reopen should have been equitably tolled because Lin did not raise this claim before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the BIA).

Lin has not provided argument on, and has therefore waived any challenge to, the BIA's determination that he failed to establish "changed circumstances" in China. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997–98 (9th Cir.2007).

Lin's due process claim is not colorable. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001).

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DIS-MISSED IN PART; DENIED IN PART.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.